UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ONEWEST BANK, FSB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:12-cv-00073-TWP-DML |
| ) | |
| THE UNKNOWN HEIRS AT LAW OF ) | |
| GERMAINE M. WORRALL, DECEASED, ) | |
| OCCUPANT(S) OF 1516 NOLE DRIVE, ) | |
| JEFFERSONVILLE, IN 47130, and ) | |
| UNITED STATES OF AMERICA THROUGH ) | |
| THE DEPARTMENT OF HOUSING AND ) | |
| URBAN DEVELOPMENT, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO REMAND AND RELATED MATTERS**

Plaintiff OneWest Bank, FSB (the "Bank") has moved to Remand this action to the Clark Circuit Court (Dkt. 5). The motion to remand was timely filed on July 10, 2012, and the removing party, Jim Worrall, was directed to file a response to the motion by August 10, 2012. On August 6, 2012, Mr. Worrall moved the court for Enlargement of Time (Dkt. 12), requesting an additional sixty days to obtain counsel and allow counsel to prepare a response. Before the Court could rule on that request, Mr. Worrall filed his response in opposition to the remand motion. The Court has considered that response fully despite its slight tardiness. The Court also assumed that the filing rendered his request for an extension moot. But in his response in opposition, Mr. Worrall asks the Court to permit him to "modify, enlarge, amend and expand on this filing" once he has obtained counsel. (Dkt. 17 at p. 6.) Unfortunately for Mr. Worrall, no further arguments by counsel could erase the indisputable defects in his removal of this case.

Being duly advised, the Court has determined that the motion to remand must be GRANTED because the removal is defective on both jurisdictional and non-jurisdictional grounds.[1]

## I. PROCEDURAL BACKGROUND

OneWest Bank, FSB filed this mortgage foreclosure case on April 6, 2012, in the Clark Circuit Court, to foreclose a mortgage on real estate owned by Germaine M. Worrall, who died in July 2011, but for whom an estate apparently has not been opened. (*See* Complaint, Dkt. 1-1, ¶ 15.) The Bank named as defendants (a) unknown heirs of Germaine Worrall, (b) occupant(s) of the real estate located at 1516 Nole Drive, Jeffersonville, Indiana, and (c) the United States, which also has a mortgage lien on the real estate. (*Id.,* ¶¶ 16-18.)

The Notice of Removal (Dkt. 1), was filed on June 13, 2012, by Jim Worrall, acting *pro se,* who states that his address is 1516 Nole Drive and that he is a trustee of a Worrall Family Trust. Mr. Worrall does not otherwise describe his or the Trust's interests in the real estate. The Chronological Case Summary from state court shows that Mr. Worrall, as a defendant occupant of the real estate, was served with the complaint on April 24, 2012, and the United States was served no later than April 24, 2012. (Dkt. 6-1 at p. 2.)

## II. DEFECTS IN REMOVAL

A defendant who seeks to remove an action to federal court must file his notice of removal within 30 days of his receipt of a copy of the initial pleading. And, as applicable here, where the basis for removal is that the court has original jurisdiction over the claims, *all* defendants who have been properly joined and served in the action must join or consent to removal. 28 U.S.C. §§ 1446(b)(1) and (b)(2)(A). Mr. Worrall's notice of removal did not meet these requirements because it was filed on June 13, 2012, which is more than 30 days after he

---

[1] Because the court lacks jurisdiction over this case, it will not rule on the Bank's pending motion to dismiss counterclaims (Dkt. 13) and motion to strike jury demand (Dkt. 15). The court does note, however, that the Bank's motion to dismiss, insofar as it relates to federal subject matter jurisdiction, is now moot.

was served with the complaint on April 24, 2012. Mr. Worrall's assertion that the extension in state court to answer the complaint or some other order or filing extended the thirty-day removal period is incorrect as a matter of law. The removal also did not meet the requirements of the statute because all defendants who had been served did not join or consent to the removal. Contrary to Mr. Worrall's suggestion, the fact that the United States frequently removes foreclosure cases to federal court does not constitute joinder or consent in this case.

In addition to these non-jurisdictional deficiencies (which were timely raised by the Bank), removal was improper because there is no showing that the Court would have had original jurisdiction over this case if it had initially been filed in federal court. Although Mr. Worrall suggests that the Court could exercise federal question jurisdiction, diversity jurisdiction, or statutory jurisdiction because the United States holds a mortgage on the real estate, none of these grounds apply here.

As for federal question jurisdiction, the complaint does not allege a cause of action arising under federal law. The possibility that Mr. Worrall or other defendants may defend the claims or bring counterclaims based on federal statutes does not supply federal question jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 830-32 (2002) (federal question jurisdiction is decided based on the allegations of the complaint; a defense or counterclaim arising under federal law does not supply jurisdiction); *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005) (describing narrow circumstances in which a state law claim in the plaintiff's complaint raises a sufficiently substantial federal issue permitting federal jurisdiction).

As for diversity jurisdiction, Mr. Worrall does not allege the citizenship of the parties and, thus, does not demonstrate that there is complete diversity between the plaintiff and all

defendants, a burden that was his.  *Appert v. Morgan Stanley Dean Witter, Inc.,* 673 F.3d 609, 617 (7th Cir. 2012) ("party invoking federal jurisdiction bears the burden of demonstrating its existence").  Moreover, it appears he may be a citizen of Indiana, and his citizenship in the forum state prevented removal as well.  *See* 28 U.S.C. § 1441(b)(2) (action removable solely on diversity grounds may not be removed if a defendant is a citizen of the state in which the action is brought).

Finally, Mr. Worrall cannot rely on a statutory basis for removal.  Only the United States has a statutory right to remove an action to foreclose on real estate on which the United States has or claims to have a lien.  28 U.S.C. § 1444 (United States may remove foreclosure action, described in 28 U.S.C. § 2410, in which it is named a party and claims a mortgage or other lien on the real estate).  The United States has not sought to remove this case.[2]

### III.  CONCLUSION

For the foregoing reasons, the Bank's Motion to Remand (Dkt. 5) is **GRANTED** and this case **REMANDED** to the Clark Circuit Court.  Plaintiff's Motion for Extension of Time to File Response (Dkt 12) is **DENIED AS MOOT**.  Plaintiff's Motion to Dismiss Defendant's Counterclaims (Dkt. 13) and Motion to Strike Jury Demand (Dkt. 15) are **terminated**.

SO ORDERED.

Date: 12/06/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2] The state court record indicates that the United States was served (Dkt. 6-1 at p.2), but no appearance or answer has been filed on its behalf in state or federal court.  That is unusual, but the court expresses no view on whether service on the United States was properly effected.

DISTRIBUTION:

James P. Worrall
1516 Nole Drive
Jeffersonville, Indiana  47130

Amanda J. Porter
DOYLE LEGAL CORPORATION, P.C.
aporter@doylelegal.com

Christina M. Bruno
DOYLE LEGAL CORPORATION, P.C.
cbruno@doylelegal.com

Craig Douglas Doyle
DOYLE LEGAL CORPORATION, P.C.
cdoyle@doylelegal.com

James L. Shoemaker
DOYLE LEGAL CORPORATION, P.C.
jshoemaker@doylelegal.com

S. Brent Potter
DOYLE LEGAL CORPORATION, P.C.
bpotter@doylelegal.com